**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

VS.                                    4:11-mj-5010 JTR

MICHAEL JEREMY BARNETT

**ORDER**

On July 8, 2011, the Court granted the parties' oral Motion for Defendant to undergo a psychological evaluation. (Docket entry #6). The Court has been informed that Defendant has been designated to FCI Englewood, Littleton, CO, for examination. Accordingly, the United States Marshal is directed to transport Defendant to FCI Englewood forthwith.[1]

IT IS THEREFORE ORDERED THAT:

(1)   Pursuant to 18 U.S.C. § 4247(b) and (c), Defendant Michael Jeremy Barnett, is hereby committed to the custody of the Attorney General or his authorized representative for a period not to exceed thirty (30) days for a psychological

---

[1] Pursuant to 18 U.S.C. § 3161(h)(1)(F), the time consumed by transportation in excess of 10 days from the date of entry of this Order today is presumed unreasonable under the Speedy Trial Act.

evaluation pursuant to 18 U.S.C. § 4241, and for a period not to exceed forty-five (45) days for a psychological evaluation pursuant to 18 U.S.C. § 4242.

(2)     Pursuant to 18 U.S.C. § 4247(c), the person conducting the examination shall file a report with the United States District Judge assigned to this case, with copies to counsel for Defendant and the Government. The Government is represented by Assistant United States Attorney Stephanie Gosnell Mazzanti, U. S. Attorney's Office - Little Rock, Eastern District of Arkansas, Post Office Box 1229, Little Rock, AR 72203-1229, and Defendant is represented by Assistant Federal Public Defender Latrece E. Gray, Federal Public Defenders Office - LR, The Victory Building, 1401 West Capitol Avenue Suite 490, Little Rock, AR 72201.

(3)     The report must state whether Michael Jeremy Barnett is suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; whether he was insane at the time of the offense; and, if he is mentally incompetent, whether his release would create a substantial risk of bodily harm to another person or serious damage to property of another person.

(4)     Following eleven (11) days from the date the report is received by the Court and the parties, any party who requests a hearing regarding any issues in the report or opposes the report must file a motion for a hearing or a motion in opposition,

including a concise statement of opposition to the report and supporting authorities. If no motions are filed within eleven (11) days, the Court will enter an Order adopting or rejecting the conclusions set forth in the report, and the period of excludable delay will end.  *See* 18 U.S.C. § 3161(h)(1)(A).

(5)   The delay occasioned by the examination ordered herein shall be excludable under the provisions of the Speedy Trial Act as provided by 18 U.S.C. § 3161(h)(1)(A) and (F).   Subsection (F) excludes the delay resulting from transportation to and from places of examination "except that any time consumed in excess of ten days from the date [of] . . . an directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable[.]"

Dated this 20th day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE