# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

v.                                                   **No. 4:10-cr-315-DPM**

**MICHAEL BARNETT**                                                **DEFENDANT**

## PRELIMINARY ORDER OF FORFEITURE

1. As the result of Barnett's guilty plea to Count One of the Superseding Indictment and his stipulation, Barnett shall forfeit to the United States all property used or intended to be used in any manner or part to commit the offenses involving 18 U.S.C. § 922(g)(1). This property is one Colt, model 1911, .45 caliber pistol, bearing serial number 101926. It is forfeitable pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). The government has established the requisite nexus between this gun and the offense. FED. R. CRIM. P. 32.2(b)(1)(A).

2. The United States Attorney General (or a designee) is authorized to seize the property, and to conduct any discovery proper in identifying, locating, or disposing of the property, in accordance with FED. R. CRIM. P. 32.2(b)(3). The Attorney General (or a designee) may also commence any

applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3. The United States shall publish notice of this Order and its intent to dispose of the property in such a manner prescribed by FED. R. CRIM. P. 32.2(b)(6) and Supplemental Rule G(4)(a) of the Federal Rules of Civil Procedure. The United States must send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture pursuant to FED. R. CRIM. P. 32.2(b)(6) and Supplemental Rule G(4)(b) of the Federal Rules of Civil Procedure.

4. Any person, other than the Defendant, asserting a legal interest in the property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of this Order. 18 U.S.C. § 2253(b) (incorporating 21 U.S.C. § 853(n)); FED. R. CRIM. P. 32.2(c)(1).

5. This Order shall become final as to the Defendant at the time of sentencing or before sentencing if the Defendant consents, and shall be made part of the sentence and included in the judgment. FED. R. CRIM. P.

32.2(b)(4)(A). If no third party files a timely claim, this Order shall become a final order of forfeiture. FED. R. CRIM. P. 32.2(c)(2).

6. Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(b)(4)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure if the Court determines that discovery is necessary or desirable to resolve factual issues. FED. R. CRIM. P. 32.2(c)(1)(B).

8. The United States shall have clear title to the property after the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions.

9. The Court retains jurisdiction to enforce this Order and to amend it as necessary. FED. R. CRIM. P. 32.2(e).

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

4 May 2012